THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGIL ARMSTRONG, | CASE NO. C18-0845-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPUTY C. WHALEN *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to compel the State of Washington's Department of Social and Health Services ("DSHS") to produce records pursuant to a subpoena or, in the alternative, to compel Plaintiff to produce records (Dkt. No. 44). Having considered the parties' briefing, DSHS's briefing, and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

**I.   BACKGROUND**

On June 11, 2018, Plaintiff filed suit against Snohomish County, a Snohomish County sheriff, and several Snohomish County deputies over an incident on June 15, 2015, between Plaintiff and the deputies. (*See generally* Dkt. No. 1.) During discovery, Plaintiff informed Defendants that he had received counseling and medical treatment for a mental health or psychiatric illness at "Washington State DHR." (Dkt. No. 45-1 at 21.) Believing that the records of that counseling and treatment might be relevant to Plaintiff's lawsuit, Defendants served

ORDER
C18-0845-JCC
PAGE - 1

1   DSHS with a combined notice of intent to serve a subpoena and a subpoena *duces tecum* on
2   January 10, 2020. (Dkt. No. 45-2 at 2–10.) The subpoena commanded DSHS to produce
3   Plaintiff's records from seven DSHS programs by January 30. (*Id.* at 5, 8.)

4         On January 17, DSHS informed Defendants that it could not provide the requested
5   records because the records were confidential and privileged under Wash. Rev. Code
6   § 74.04.060. (Dkt. No. 45-3 at 2.) However, DSHS said that it could provide the records if
7   Defendants obtained a valid court order or had Plaintiff sign the "Authorization Form 17-063"
8   found on DSHS's website. (*See id.*) As it happened, Defendants had already asked Plaintiff to
9   sign an Authorization Form 17-063. (*See* Dkt. No. 45-4 at 4, 7.) Unfortunately, Defendants had
10  asked Plaintiff to sign the authorization form for the Washington State Department of Children,
11  Youth, and Families ("DCYF"). (*See id.* at 7.) So when Defendants sent the signed
12  "Authorization DCYF 17-063" to DSHS, DSHS unsurprisingly informed Defendants that the
13  authorization allowed only DCYF—not DSHS—to release records to Defendants. (Dkt. No. 50-3
14  at 2.) DSHS reiterated that it could not release Plaintiff's records to Defendants without the
15  proper authorization. (*Id.*)

16        On February 12, Defendants' counsel asked Plaintiff's counsel to have Plaintiff sign the
17  correct form by February 26. (Dkt. No. 45-5 at 2.) When Defendants' counsel did not receive the
18  form by February 26, Defendants' counsel called Plaintiff's counsel's office on February 27.
19  (*See* Dkt. No. 45 at 3.) A legal assistant informed Defendants' counsel that Plaintiff's counsel
20  was in court and not available for a telephone conference call. (*Id.*) Defendants' counsel told the
21  legal assistant that Defendants would file a motion to compel, which Defendants promptly filed
22  the next day. (Dkt. No. 44 at 6.)

23  **II.   DISCUSSION**

24        Discovery motions are strongly disfavored. However, if the parties are unable to resolve
25  their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P.
26  37(a)(1), 45(d)(2)(B)(i). Any such motion must contain a certification "that the movant has in

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." W.D. Wash. Local Civ. R. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*. The party requesting a motion to compel must also show that their efforts to meet and confer resulted in a genuine impasse. *See Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, C17-0709-RSM, Dkt. No. 29 at 3 (W.D. Wash. 2018).

Here, Defendants did not satisfy Local Civil Rule 37's meet-and-confer requirement because Defendants' counsel did not make a good faith attempt to have a face-to-face meeting or a telephone conference with Plaintiffs' counsel. True, Defendants counsel tried to call Plaintiff's counsel on February 27, 2020. (Dkt. No. 45 at 3.) But when Plaintiff's counsel could not respond because he was in court, Defendants' counsel did not take the easy and obvious step of trying to reach Plaintiff's counsel on a different day. (*See id.*) Instead, Defendants' counsel filed a motion to compel after trying to call Plaintiff's counsel only once. (*See id.*) A single phone call cannot constitute a good faith attempt to comply with the meet-and-confer requirement. If it did, then the requirement would not meaningfully encourage parties to resolve discovery disputes without unnecessarily involving the Court.

The importance of the meet-and-confer requirement is illustrated by the present discovery dispute. Defendants' motion forced DSHS, Plaintiff, and Defendants to brief complex issues of state and federal law. (*See, e.g.*, Dkt. No. 49 at 3–7.) That briefing appears to be entirely unnecessary: DSHS is willing to release Plaintiff's records if Plaintiff fills out the proper form, and Plaintiff seems to have no problem with filling out that form. (*See* Dkt. Nos. 50-2 at 2, 50-3 at 2, 51 at 3.) Thus, if Defendants' counsel had followed up on their first unsuccessful phone call, the present discovery dispute could have been avoided altogether.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to compel (Dkt. No.

1  44). The Court ORDERS Plaintiff to provide Defendants with a signed copy of the correct

2  Authorization Form 17-063 within 10 days of the date of this order. Pursuant to Federal Rule of

3  Civil Procedure 37(a)(5)(B), the Court also ORDERS Defendants to show cause within 14 days

4  of the date of this order why Defendants and/or Defendants' counsel should not pay DSHS's

5  reasonable expenses incurred in opposing Defendants' motion. If DSHS so chooses, DSHS may

6  also file a brief within 14 days of the date of this order explaining why Defendants and/or

7  Defendants' counsel should pay DSHS's reasonable expenses incurred in opposing Defendants'

8  motion.

        DATED this 4th day of June 2020.

                                    John C. Coughenour
                                    UNITED STATES DISTRICT JUDGE