THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VIRGIL ARMSTRONG, <br><br>    Plaintiff, <br><br>    v. <br><br> DEPUTY C. WHALEN *et al.*, <br><br>    Defendant. | CASE NO. C18-0845-JCC <br><br> ORDER |

This matter comes before the Court on Defendants' motion to stay proceedings pending appeal (Dkt. No. 67). On June 5, 2020, the Court denied Defendants' motion for summary judgment, concluding that Defendants Carl Whalen, Kore Oyetuga, Chad Daugherty, and Ty Trenary were not entitled to qualified immunity. (Dkt. No. 61 at 6–11.) On June 29, 2020, Defendants appealed the Court's decision to the Ninth Circuit. (Dkt. No. 64.) Defendants now move to stay the proceedings before the Court pending the appeal. (Dkt. No. 67.)

If a district court denies qualified immunity based on an issue of law, the denial is appealable as a "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). So long as the appeal is not frivolous, the appeal automatically divests the district court of jurisdiction "over the particular issues involved in [the] appeal." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *Chauman v. Wright*, 960 F.2d 104, 104–05 (9th Cir. 1992) ("[A] frivolous or forfeited appeal does not automatically

divest the district court of jurisdiction."). The appeal does not, however, divest the district court of jurisdiction over the "aspects of the case that are not subject of the appeal." *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). In deciding whether to stay those aspects of the proceedings, the district court must consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, the Court denied qualified immunity to Defendants Whalen, Oyetuga, Daugherty, and Trenary based the Court's legal conclusion that the Defendants violated Plaintiff's clearly established Fourth Amendment rights when the evidence was viewed in the light most favorable to Plaintiff. (*See* Dkt. No. 61 at 6–11.) In addition, Defendants have filed a non-frivolous appeal of the Court's decision. (Dkt. No. 64.) The Court is, therefore, divested of jurisdiction over the issues involved in the appeal. *See City of Los Angeles*, 254 F.3d at 886. Furthermore, Plaintiff has failed to oppose Defendants' motion for a stay, which the Court construes as an admission that the motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2). The Court also finds that a stay would be in the interest of judicial economy. Accordingly, the Court hereby STAYS all further proceedings in this case until the Ninth Circuit resolves Defendants' appeal.

DATED this 31st day of August 2020.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE